**AFFIDAVIT
IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Christopher S. Milley, being duly sworn, state:

**Introduction and Agent Background**

1.  I am a Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), and have been so employed since June 2007.  I am currently assigned to the ERO Criminal Prosecutions Unit ("ECP") and have been for approximately the last 4 years.  I attended the Immigration Officer Basic Training Course in 2007 and have been employed as a professional immigration officer in a full time, continuous status for approximately 14 years.  I have training and experience in investigating violations of U.S. immigration laws.  Among other duties, I am assigned to investigate cases involving persons who have illegally reentered the United States after having been deported, and other violations of the Immigration and Nationality Act.  I know that it is a violation of 8 U.S.C. § 1326 to reenter the United States after deportation without having received the express consent of the Secretary of the Department of Homeland Security.

2.  I submit this affidavit in support of a criminal complaint charging Darwin Geovani Herrera-Orellana ("Herrera-

Orellana"), DOB xx/xx/1990, with illegal reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

3. The facts stated herein are based on my own personal involvement with this investigation, as well as information provided to me by other law enforcement officers involved in the investigation, and a review of the Alien File #xx/xx/-504 ("A-File") associated with Herrera-Orellana.

4. In submitting this affidavit, I have not included each and every fact known to me about this investigation; rather, I am only submitting enough evidence necessary to establish the requisite probable cause.

5. On September 11, 2009, Herrera-Orellana was encountered by United States Border Patrol near Nogales, Arizona and determined to be illegally present in the United States. Herrera-Orellana was issued an Expedited Order of Removal, and, on September 22, 2009, he was deported to Guatemala. At the time of his removal, Herrera-Orellana's picture and fingerprints were obtained and affixed on a Warrant of Removal.

6. In August 2012, Herrera-Orellana was encountered by ICE Officers while in custody in Hidalgo County Jail, in Edinburg, Texas, and determined to be illegally present in the United States. Herrera-Orellana was convicted of resisting arrest, and, upon completion of the sentence, he was placed into removal proceedings and on August 17, 2012, he was deported to

Guatemala. At the time of his removal, Herrera-Orellana's picture and fingerprints were obtained and affixed on a Warrant of Removal.

7. On December 24, 2020, Herrera-Orellana was arrested by the Waltham Police Department (MA) and charged with, amongst other things, assault and battery with a dangerous weapon. He was ordered detained.

8. On June 14, 2021, Herrera-Orellana was convicted of assault and battery with a dangerous weapon and assault and battery and sentenced to 14 months' imprisonment.

9. On July 22, 2021, ICE officers encountered Herrera-Orellana in Middlesex County House of Correction (MA) and determined that he was illegally present in the United States.

10. On July 30, 2021, Herrera-Orellana's fingerprints from his 2020 Waltham arrest and from his A-file were submitted to the FBI's Forensic Laboratory and determined to be a positive match.

11. On July 30, 2021, I reviewed some of the documents contained in the A-file associated with Herrera-Orellana. The documents from the A-file show, amongst other things, that Herrera-Orellana is a citizen and national of Guatemala. The A-file also contains the Warrants of Removal from 2009 and 2012, which contain Herrera-Orellana's picture. I have reviewed recent pictures of Herrera-Orellana and the pictures in his A-

file, and they appear to depict the same individual. Finally, after reviewing the A-file, there is no indication that Herrera-Orellana sought or obtained permission from the Secretary of Homeland Security to reenter the United States since his last removal.

## CONCLUSION

12. Based on the information set out above, I believe there is probable cause to conclude that, on or about July 22, 2021, Darwin Geovani Herrera-Orellana, being an alien and having been excluded, removed, and deported from the United States on or about September 22, 2009, and August 17, 2012, was found in the United States without having received the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

Respectfully submitted,

_____
Christopher S. Milley, DO
US Immigration and Customs Enforcement

Sworn before me telephonically pursuant to Fed. R. Crim. P. 4.1(d)(3) this __19th__ day of August 2021.

11:50 a.m.

_____
HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE

4